IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO CRUZ, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 2:23-cv-04626-GAM |
| v. | : |
| | : |
| PHILADELPHIA FIGHT COMMUNITY HEALTH CENTERS, | : |
| | : |
| Defendant. | : |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Philadelphia FIGHT Community Health Centers ("FIGHT"), by and through its undersigned counsel, files this Answer with Affirmative Defenses, to the Complaint filed by plaintiff, Mario Cruz, MD ("Dr. Cruz," "Cruz," or "plaintiff"), and denies the allegations in the Complaint unless specifically admitted, and avers as follows:

## RESPONSE TO INTRODUCTION AND PARTIES.

1. Denied. It is specifically denied that there is any basis for Dr. Cruz's complaint of racial discrimination, wrongful discharge or retaliation.

2. Admitted in part, denied in part. It is admitted that Dr. Cruz is a medical doctor and that he was formerly employed by FIGHT. All other allegations are denied.

3. Denied as stated. FIGHT is a nonprofit corporation registered in the Commonwealth of Pennsylvania. FIGHT is a comprehensive health services organization, and a Federally Qualified Health Center qualified by the US Department of Health and Human Service, providing primary care, consumer education, research and advocacy for people living with HIV/AIDS and those at high risk.

## RESPONSE TO JURISDICTION.

4. Denied. Plaintiff has failed to identify what conduct took place at the alleged location. More specifically, plaintiff worked at 1207 Chestnut Street during his employment at

1

FIGHT.

## RESPONSE TO FACTUAL ALLEGATIONS.

5.-6.	Denied.  Plaintiff was not subjected to unlawful race or sex discrimination.

7.-8.	Denied.  Plaintiff was not demoted at any time during his tenure at FIGHT.

9.	Denied.  Plaintiff was not the most qualified option to be Chief Medical Officer.

## RESPONSE TO COUNT I.
### Racial Discrimination In Violation Of Section 1981

10.	Denied.  FIGHT incorporates by reference the averments of Paragraphs 1 through 9 of this Answer Affirmative Defenses as if fully set forth at length.

11.-12.	Denied.  Paragraphs 11 and 12 of the Complaint contain conclusions of law to which no response is required.

13.	Denied.  Plaintiff did not experience any discrimination during his employment.

14.	Denied.  Plaintiff voluntarily left his employment with FIGHT with many months' notice to Administration, after having his student loans forgiven and voluntarily chose to find alternative employment.  Contrary to his allegations, Dr. Cruz was asked to stay, was offered a promotion, which he first accepted and then rejected, and set his own date for departure.

15.	Denied.  Plaintiff was not subject to any adverse employment actions.

16.-18.	Denied.  Paragraphs 16 through 18 of the Complaint contain conclusions of law to which no response is required.

19.	Denied.  Paragraph 19 of the Complaint contains conclusions of law to which no response is required.  By way of further response, plaintiff has not suffered any damages.  Dr. Cruz voluntarily left his employment with FIGHT with many months' notice to Administration, after having his student loans forgiven and voluntarily chose to find alternative employment.  Contrary to his allegations, Dr. Cruz was asked to stay, was offered a promotion, which he first

accepted and then rejected, and set his own date for departure.

WHEREFORE, for the reasons set forth above, Defendant, Philadelphia FIGHT Community Health Centers requests that the Complaint be dismissed with prejudice.

### RESPONSE TO COUNT II.
### Hostile Work Environment In Violation Of Section 1981

20. Denied. FIGHT incorporates by reference the averments of Paragraphs 1 through 19 of this Answer Affirmative Defenses as if fully set forth at length.

21. Denied. Paragraph 21 of the Complaint contains conclusions of law to which no response is required.

22. Denied. Plaintiff did not face any racial discrimination while employed at FIGHT.

23. Denied. Plaintiff's supervisors did not create a hostile work environment based on race.

24. Denied. Plaintiff was not discriminated against in any way on the basis of race or any other basis.

25. Denied. Plaintiff was not retaliated against nor did he report any discrimination.

26.-27. Denied. Paragraphs 26 and 27 of the Complaint contain conclusions of law to which no response is required.

28. Denied. Paragraph 28 of the Complaint contains conclusions of law to which no response is required. By way of further response, plaintiff has not suffered any damages. Dr. Cruz voluntarily left his employment with FIGHT with many months' notice to Administration, after having his student loans forgiven and voluntarily chose to find alternative employment. Contrary to his allegations, Dr. Cruz was asked to stay, was offered a promotion, which he first accepted and then rejected, and set his own date for departure.

WHEREFORE, for the reasons set forth above, Defendant, Philadelphia FIGHT Community Health Centers requests that the Complaint be dismissed with prejudice.

## RESPONSE TO COUNT III.
### Hostile Work Environment In Violation Of Section 1981

29. Denied. FIGHT incorporates by reference the averments of Paragraphs 1 through 28 of this Answer Affirmative Defenses as if fully set forth at length.

30. Denied. Paragraph 30 of the Complaint contains conclusions of law to which no response is required.

31. Denied. Plaintiff was not fired from his employment. Dr. Cruz voluntarily left his employment with FIGHT after achieving full student loan forgiven and choosing to find alternative employment. Further, Dr. Cruz did not report nor did was he about to report any wrongdoing or waste.

WHEREFORE, for the reasons set forth above, Defendant, Philadelphia FIGHT Community Health Centers requests that the Complaint be dismissed with prejudice.

## AFFIRMATIVE DEFENSES.

32. The Complaint fails to state a claim upon which relief can be granted.

33. Dr. Cruz was not terminated or constructively discharged, rather Dr. Cruz voluntarily left his employment with FIGHT after having his student loans forgiven and choosing to find alternative employment. On the contrary, Dr. Cruz was asked to stay, was offered a promotion which he first accepted and then rejected, and set his own date for departure.

34. Dr. Cruz has failed to identify any instance of intentional discrimination by FIGHT.

35. Dr. Cruz has suffered no legally cognizable injury, harm, loss or damage upon which relief can be granted.

36. FIGHT's Answer is based on currently available information.  FIGHT reserves the right to revise, amend, and/or supplement this Answer during the course of this litigation.

WHEREFORE, for the reasons set forth above, Defendant, Philadelphia FIGHT Community Health Centers requests that the Complaint be dismissed with prejudice.

|  |  |
|---|---|
| **OF COUNSEL**:<br>Archer & Greiner, P.C.<br>Three Logan Square<br>Suite 3500<br>1717 Arch Street<br>Philadelphia, Pennsylvania  19103<br>Phone:  215-963-3300<br>jkolansky@archerlaw.com<br>jrardin@archerlaw.com | */s/Jeffrey M. Kolanky*<br>Jonathan P. Rardin<br>Jeffrey M. Kolansky<br>  Attorney for Defendant, Philadelphia FIGHT<br>  Community Health Centers. |

228087412 v3